THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:19-CV-541-D

| | |
|---|---|
| ANNE SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WALMART STORE EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER CONCERNING USE AND
HANDLING OF CONFIDENTIAL INFORMATION AND MATERIAL**

It appearing that during the pre-trial discovery in this case there will be disclosure to counsel of certain documents, information, materials and testimony considered by defendants to contain confidential, proprietary and/or trade secret information, in order to allow discovery to proceed in an expeditious and productive manner and protect the confidentiality of such information,

IT IS HEREBY ORDERED THAT:

1. This Protective Order governs the use, disclosure, and designation as confidential of documents, information and testimony produced by defendants or plaintiff in this action (in discovery or at trial) including any and all photographs, videotapes, documents, and/or materials, testimony, deposition testimony, deposition exhibits, interrogatory/request for admission responses, including and/or related to, engineering part print drawings, testing, product cost, production information, internal policies/investigation procedures, field reports, product analysis and development information, design/fabrication, and other claims involving products similar to the product at issue in this case. Any such materials

that constitute a trade secret or other confidential research, development, or commercial information within the meaning of Fed.R.Civ.P. 26(c)(1)(G), or otherwise considered confidential by defendants, may be designated "Confidential". Such designation shall be made as provided in paragraph 2 hereof. Documents or information so designated as "Confidential" and all copies, extracts, transcripts, compilations, and summaries thereof and information therein, without limitation, (hereinafter collectively referred to as "Confidential Information" and/or "Confidential Material") shall be used and disclosed only as permitted by paragraphs 2 through 18 hereof.

2. Either party may designate the materials which the party considers to be appropriate for designation as Confidential Information at the time such materials or portions are produced or disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the materials or portions disclosed and sought to be protected hereunder.

3. In the instance of documents or materials produced by any party that are to be designated as "confidential," the party producing the materials sought to be protected shall, at the time of such production, notify the other parties if any of the information contained in the documents or materials is designated as "confidential." All "confidential" documents or materials produced for which such notice has been given shall be inspected only by persons qualified to have access to Confidential Information.

4. Confidential Information may be given, shown, disclosed, made available, or communicated only to:

    a. The parties;

b. Counsel for the parties, and the paralegal, administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order;

c. Experts, investigators and consultants qualified for access as provided in paragraph 5 below.

d. The Court, the jury and court personnel.

5. Each party may qualify for access to Confidential Information independent experts, investigators and consultants to this action who are not employees of or affiliated with the party. Before allowing an expert or consultant to gain access to the Confidential Information, counsel shall first require the expert or consultant to execute a written and signed undertaking in the form attached hereto as Exhibit "A" containing the information set forth therein. In the event the expert is to be utilized as an expert at trial or hearing and is disclosed in accordance with the discovery rules or local rules of Court, a copy of the signed undertaking shall be provided to opposing counsel.

6. Confidential Information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, administrative, commercial or other investigative purpose or function. All Confidential Information designated hereunder shall be kept in the case files at the offices of the attorneys for the parties. Access to those files shall be permitted only to those persons set forth in paragraphs 4 and 5 of this Protective Order as persons properly having access to Confidential Information.

7. Documents containing Confidential Information, including briefs or other papers which incorporate or disclose Confidential Information, where filed with the pleadings or as evidence, shall bear the "CONFIDENTIAL" warning on their first page and on pages containing Confidential Information. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that

the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection as confidential or privileged or that a lesser form of protection than designated is appropriate.

9. The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents. A disclosing party shall be permitted to serve a written notice of the claim of confidentiality for the unintended or inadvertent disclosure within forty-five (45) days after any the disclosing party becomes aware that such disclosure has occurred.

10. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in this action with any designation made under the Protective Order, the parties shall first confer to attempt to resolve such a dispute in good faith. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. To determine such application the Court shall determine whether and to what extent the

information, document or material at issue qualifies for protection under Fed.R.Civ.P. 26(c)(1)(G).

11. The parties further agree that the inadvertent or unintended production of any discovery materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine and the return of same, if appropriate, shall be governed by Fed.R.Civ.P. 26(b)(5)(B).

12. No person may utilize or disclose to any person, in public or in private, the Confidential Materials designated hereunder, except as set forth in this Order. This Protective Order does not apply to information and/or documents acquired other than through this action, the rights of the parties in respect to this other acquired information being separately determined.

13. Upon final termination of this action and any appeals, the originals and all copies of Confidential Materials shall delivered without demand to the party or non-party who produced such material, or to its counsel. In the alternative, the originals and all copies may be destroyed by the party and counsel receiving such documents, subject to the agreement that the receiving party will provide written documentation within 30 days of disposition of the case that all such documents and materials were destroyed.

14. Any party may seek modification of this order upon motion and for good cause shown, by alleging specific changes and specific grounds.

15. Nothing in this Order shall restrict the use or admissibility of any documents or information designated as confidential at any hearing or trial in this action, except as expressly stated herein.

16. Upon the final conclusion of this litigation, any and all Confidential Material which has been submitted for identification and/or into evidence at any hearing or trial in this litigation may, upon application to this Court by counsel for the party who claimed Confidential Material treatment, be purged from the record. All parties shall have notice of and the right to oppose such an application. The final conclusion of this litigation shall be deemed to have occurred upon (i) the date following the entry of judgment after which, by lapse of time or otherwise, such judgment shall no longer be subject to review by or appeal to any court, or (ii) upon a voluntary discontinuance thereof.

17. This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

18. This Protective Order will be in full force and effect, and is fully enforceable, upon the date of the parties' execution below and shall apply going forward to all previously produced documents that were identified as Confidential. All the provisions of the Protective Order will be effective and enforceable as of the execution date of this document by the parties.

Dated: January 21, 2021

IT IS SO ORDERED.

*Robert T. Numbers II*
_____
Robert T. Numbers II
United States Magistrate Judge

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:19-CV-541-D

ANNE SOLOMON,                )
                             )
            Plaintiff,       )
                             )
    v.                       )
                             )
WALMART STORE EAST, LP,      )
                             )
            Defendant.       )

## EXHIBIT A

## ACKNOWLEDGEMENT OF READING AND
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. My full name is _____.

2. My address is _____.

3. My present employer is _____.

4. My present occupation or job description is: _____

_____.

5. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Materials disclosed to me.

7. I will return all Confidential Materials and all copies which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____                                    _____
Date                                                                                   (Signature)